IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONNIE BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _1:24cv106_____ |
| v. | ) |
| | ) |
| LIFE INSURANCE COMPANY OF NORTH | ) |
| AMERICA and NAVY FEDERAL CREDIT | ) |
| UNION, | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendant Life Insurance Company of North America ("LINA"), by counsel, with the express consent of Defendant Navy Federal Credit Union, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby removes this action from the Circuit Court for Fairfax County, Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division, and in support thereof states as follows:

1. On December 11, 2023, Plaintiff Donnie Bradley ("Plaintiff") filed his Complaint in the Circuit Court for Fairfax County, Virginia, styled as *Donnie Bradley v. Life Insurance Company of North America, et al.*, Case No. 2023 17421. In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon LINA are attached as **Exhibit A**.

2. LINA was served via its registered agent with the Summons and Complaint on December 28, 2023. As required under 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty (30) days of LINA's receipt by serivce and otherwise of the Summons and Complaint.

3. Defendant NFCU has not been served with the Summons and Complaint as of the date of this filing. Accordingly, NFCU's consent for removal is not required pursuant to 28 U.S.C.

§ 1446(b)(2)(A). Nonetheless, LINA has obtained NFCU's express consent for removal and has been authorized by NFCU and its counsel to express and affirm NFCU's consent in this Notice.

4. A Notice of Filing of Notice of Removal is being filed contemporaneously with the Circuit Court for Fairfax County, Virginia, a copy of which is attached as **Exhibit B**.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331 and 1441, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

6. As set forth in the Complaint, Plaintiff seeks redress for the alleged wrongful denial of long-term disability ("LTD") benefits under the benefit plan maintained by NFCU, his former employer, and expressly invokes the civil enforcement provisions of ERISA, 29 U.S.C. § 1132. Ex. A ¶¶ 5, 8, 25-35. The LTD benefit plan is governed by ERISA, which Plaintiff concedes on the face of the Complaint. *Id.* ¶ 26.

7. This action involves a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claim arises out of, and he seeks LTD benefits under, an employee welfare benefit plan that is governed exclusively by ERISA, 29 U.S.C. §§ 1001, *et seq.*

8. In addition, this Court should exercise supplemental jurisdiction over Plaintiff's state law claim against NFCU concerning the denial of short-term disability ("STD") benefits, as Plaintiff's claim for STD benefits – arising from the same alleged disability upon which Plaintiff's claim for LTD benefits is based – is so inextricably linked to Plaintiff's claim under ERISA that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a). *See Black v. Pitney Bowes Inc.*, 2008 WL 3992306, at *2 n.3 (S.D.N.Y. Aug. 26, 2008) ("While the action for STD benefits does not present a federal question, and the amount in controversy is insufficient to sustain diversity jurisdiction, this Court has supplemental jurisdiction over the STD claim because

it and the ERISA claim arise from a common nucleus of fact.") (quotations omitted); *see generally DiMarco Constructors, LLC v. Staunton Plaza, LLC*, 2009 WL 2969640, at \*2 n.1 (W.D.V.A. Sep. 15, 2009) (stating that supplemental jurisdiction is proper when a plaintiff's claims "are so related to the original removable claims at to form part of the same case or controversy") (quotations omitted); *Creed v. Virginia*, 596 F. Supp. 2d 930, 937 (E.D.V.A. 2009) ("When a case involving a federal claim is removed, related state claims also can be removed because the federal court can exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367.").

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this District and Division encompass the Circuit Court for Fairfax County, Virginia, the forum from which this action is being removed.

10.     LINA and NFCU reserve all defenses, including those under Rule 12 of the Federal Rules of Civil Procedure, and do not waive said defenses by filing this Notice of Removal.

WHEREFORE, Defendant Life Insurance Company of North America, with the express consent of NFCU, hereby requests that this action be removed to this Court.

> LIFE INSURANCE COMPANY OF NORTH
> AMERICA
> By: */s/ David E. Constine, III*
> David E. Constine, III (VSB #23223)
> Michael B. Cohen (VSB # 99062)
> Troutman Pepper Hamilton Sanders, LLP
> PO Box 1122
> Richmond, VA 23218-1122
> Telephone: 804-697-1200
> Fax: 804-697-1339
> david.constine@troutman.com
> michael.cohen@troutman.com
> *Counsel for Life Insurance Company of North America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2024, a true and accurate copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Benjamin W. Glass, III (VSB No.: 23152)
Damon R. Miller (VSB No.: 98308)
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
Phone: (703) 591-9829
Fax: (703) 783-0686
ben@benglasslaw.com
dmiller@benglasslaw.com

Eddie Isler, Esquire
IslerDare
1945 Old Gallows Road, Suite 650
Vienna, VA  22182
eisler@islerdare.com

*/s/ David E. Constine, III*